# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGG L. SMITH, JR., | : | CIVIL ACTION NO. 3:12-CV-2257 |
| Plaintiff | : | Judge Mariani |
| v. | : | Magistrate Judge Blewitt |
| MARY ANN RAMUS, | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

## I. BACKGROUND.

On November 13, 2012, Plaintiff Gregg L. Smith, Jr., a resident at 1708 Luzerne Street, Scranton, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion to Proceed *in forma pauperis*. (Doc. 2). On December 21, 2012, Plaintiff submitted 28 pages of Exhibits. (Doc. 3). Plaintiff's 2-page form civil rights Complaint had 4 handwritten pages attached to it. Plaintiff named as sole Defendant Mary Ann Ramus, Supervisor of the Luzerne County Children & Youth Services ("CYS"). The Clerk of Court incorrectly listed Luzerne County Children & Youth Services as an additional Defendant on the docket of this case despite the fact that Plaintiff's Complaint clearly indicates that only Ramus was named as the Defendant in her capacity as Supervisor of said agency. Thus, we directed the Clerk of Court to correct the docket to reflect that the only Defendant was Ramus.[1]

---

[1] If Plaintiff did intend to also name Luzerne County Children & Youth Services as a separate Defendant, he can simply clarify this when he files his Amended Complaint. However, Plaintiff is forewarned that any constitutional claim against the Luzerne County agency cannot be based on *respondeat superior* with respect to Defendant Ramus and must be in conformance

On January 22 2013, the Court referred this case to the undersigned for pre-trial matters. To date, Plaintiff 's Complaint has not been served on Defendant.

## II. DISCUSSION.

Plaintiff's Complaint is difficult to comprehend. Plaintiff appears to allege that on April 17, 2012, Wilkes-Barre police officers arrested him when he and the mother of one of his children, Meghann Jones walked to the home of Jones's grandmother (Arlene Bly) to visit their minor daughter GS at 5:00 a.m. Plaintiff states that GS was living with Jones's grandmother Arlene Bly in Bly's house at 29 Essex Lane, Wilkes-Barre, PA. Plaintiff indicates that GS's great grandmother is Arlene Bly. Plaintiff states that Arlene Bly wanted Jones, who was intoxicated, to leave her house and called the Wilkes-Barre Police Department to remove her. Plaintiff states that Arlene Bly did not have any problems with him and that he was not intoxicated. When the police arrived, Plaintiff states that they arrested Jones. Plaintiff states that he felt the police officers were using too much force on Jones and "beating" her as they tried to put her into the police car and to effectuate her arrest. Thus, Plaintiff states that he intervened and asked one of the police officers for his name so he could write it down and complain later about the use of excessive force by police on Jones. Plaintiff states that the police officer took the pen out of his hand and then the officers arrested him. Subsequently, Plaintiff states that CYS and Defendant Ramus are trying to use his arrest as a basis to terminate his parental rights over one (GS) or all three of his minor children, namely, MS, 15-year old daughter, BS, 13-year old

---

with *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

daughter, and GS 1-year old daughter. It is not clear if Meg Jones is only the mother of GS or the mother of all three of Plaintiff's children. Nor is it clear if CYS is seeking to terminate Plaintiff's parental rights to all three of his children.

Plaintiff seems to claim that Defendant Ramus, as Supervisor of CYS, violated his constitutional rights pertaining to its attempt to terminate Plaintiff's parental rights in Luzerene County Court and to collect child support payments from him with respect to GS and/or all of his three (3) minor children.[2] Plaintiff states that there is corruption in his case since Defendant

---

[2]To the extent Plaintiff is attempting to have this federal Court overturn state court judgments or find that the Luzerne County Court improperly decided his parental right case or support case, he may be barred by the *Rooker-Feldman* doctrine.

    The Court in *Reiter v. Washington Mut. Bank*, 2011 WL 2670949, *2 (E.D. Pa. 7-5-11) stated as follows:
> The Supreme Court has recently explained the parameters of *Rooker–Feldman* in *Exxon Mobil v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). There, the court stated; "[t]he *Rooker–Feldman* doctrine [ ] ... is confined to cases ... brought by state-court losers complaining of ... state court judgments rendered before the [federal] proceedings commenced and inviting [federal court] review and rejection of those judgments. *Rooker–Feldman* does not otherwise ... allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. at 283–84.

..................................................................................................

> The constitutional claims which Plaintiff raises succeed only to the extent that the state court wrongly decided the issues before it. The Third Circuit has held that these types of constitutional claims are prohibited by *Rooker–Feldman*. See, e.g. *Gulla v. North Strabane Twp.*, 146 F,3d 168, 171 (3d Cir.1998). Thus, Plaintiff asks us to determine that the state court judgment was erroneously entered into and to grant relief in the form of a temporary injunction that would prevent a state court from enforcing its orders. Under *Rooker–Feldman*, this is relief which we are without power to grant. Furthermore, since we are deprived of subject matter jurisdiction over Plaintiff's claims, we hereby dismiss this case.

Ramus spoke to the Master before his case commenced. Plaintiff also alleges that CYS has committed crimes against him during the Luzerne County Court proceedings and hearings. Insofar as Plaintiff seeks to claim that Defendant violated PA state criminal statutes, it is well-settled that he cannot do so in his instant civil action pending in this Court.[3] See *Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

Plaintiff's Exhibits consist, in part, of Luzerne County Court documents intermingled with rambling handwritten pages of Plaintiff in which he appears to partially complain about his April 2012 hearing in the County Court in which CYS was attempting to terminate his parental rights as father of one or all three minor children and court proceedings in which Jones was attempting to get child support payments from him. In his Exhibits, Plaintiff also appears to

---

[3]We note that insofar as Plaintiff may be requesting, in part, that criminal charges be filed against Defendant in his Complaint, and to the extent Plaintiff claims that Defendant through CYS committed state and federal criminal violations and seeks criminal prosecution, such claims are not proper in a federal civil action. This Court cannot grant as relief in the present case the initiation of federal and/or state criminal prosecution against Defendant or CYS's employees. The Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so. See *Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action. See *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to charge and punish Defendant and CYS's employees for their alleged illegal behavior, this request is subject to dismissal with prejudice. See *Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

allege that the FBI was harassing him on April 17, 2012, when he was living at Bly's house. Plaintiff states that when he was going to the bathroom, an FBI agent touched him on the back of the neck, and that he felt he was assaulted by the agent. Plaintiff also states that while he was sleeping at Bly's house, an FBI agent touched his eyebrow and violated his "right to go to sleep." Plaintiff states that the FBI is harassing him and trying to obtain something against him before he goes to Washington, D.C., to complain about it.

Plaintiff's own Exhibits indicate that CYS initiated proceedings against Plaintiff and Jones to terminate their parental rights over GS based, in part, on the April 17, 2012 arrest incident. One of Plaintiff's Exhibits shows that during the early hours on April 17, 2012, Plaintiff and Jones returned to Bly's house of where GS was living, and that both Plaintiff and Jones were "highly intoxicated and were hostile toward [Bly.]" (Doc. 3, p. 6). Wilkes-Barre police officers were called and they charged both Plaintiff and Jones with public intoxication. (*Id.*). CYS concluded that Plaintiff and Jones "threaten violence and act dangerously." (*Id.*).

Thus, Plaintiff seems to aver that Defendant Ramus, as Supervisor of CYS, is violating his constitutional rights with respect to the Luzerne County Court hearings and proceedings to terminate his parental rights over GS (or all three of his children) and that Ramus is trying to influence the Court's officer (*i.e.*, Master) before a final decision is made as to whether he should permanently lose his parental rights to his minor children.

Since Plaintiff filed an *in forma pauperis* Motion (Doc. 2), we can screen his Complaint. Since we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not

complaining about prison conditions. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e)(as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal - -
>         (i)     is frivolous or malicious;
>         (ii)    fails to state a claim on which relief may be granted; or
>         (iii)   seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that
> "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While

> the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C.
> § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino*, Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

We will issue an Order directing Plaintiff to file an Amended Complaint by or on February 11, 2013, because Plaintiff failed to sufficiently allege personal involvement of any of the named Defendant and because his original Complaint is in clear violation of Federal Rule of Civil Procedure 8(a) and the standards required to state a claim under 42 U.S.C. § 1983. (Doc. 1). Thus, we will direct Plaintiff to file an Amended Complaint.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. See, e.g., *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

---

[4]Plaintiff alleged in his original pleading that the individual Defendant Ramus was an employee of CYS. (Doc. 1, p. 1). This is sufficient to show that this Defendant is a state actor for purposes of §1983.

8

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court cited *Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill*, 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we find that Plaintiff's Complaint lacks sufficient allegations as to the sole Defendant (Ramus) and what this Defendant personally did to violate any of Plaintiff's constitutional rights.

It is clear from reading Plaintiff's original Complaint that he does not properly allege how Defendant was personally involved in any of Plaintiff's constitutional violation claims. Nor is it clear what constitutional rights Plaintiff is alleging were violated. Further, Plaintiff has failed to set forth his Complaint in numbered paragraph stating his claims in an understandable fashion. Therefore, Plaintiff has failed to file a proper pleading. We also find that Plaintiff failed to sufficiently state any constitutional claims in accordance with 42 U.S.C. § 1983 against the named Defendant.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[5] a civil rights

---

[5]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of

complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendant fair notice of what Plaintiff's claims against her are and the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of Defendant Ramus about which Plaintiff is complaining.

### III. CONCLUSION.

Accordingly, Plaintiff will be directed to file an amended complaint. Plaintiff is also reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it

---

'notice pleading' set up by the Federal Rules." *Id* at 167.

11

must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. See, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file his amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

    An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 25, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGG L. SMITH, JR., | : | CIVIL ACTION NO. 3:12-CV-2257 |
| Plaintiff | : | Judge Mariani |
| v. | : | Magistrate Judge Blewitt |
| MARY ANN RAMUS, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 25th day of **January, 2013, IT IS HEREBY ORDERED THAT:**

1. Plaintiff Smith shall file an Amended Complaint by **February 11, 2013**, as specified in this Order.

2. Plaintiff's Amended Complaint shall properly allege a claim under 42 U.S.C. § 1983, as discussed above.

3. Plaintiff's Amended Complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint."

4. Plaintiff's Amended Complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

5. Failure of Plaintiff to timely file his Amended Complaint will result in a

recommendation that his action be dismissed.

6. The Clerk of Court is directed to send Plaintiff a form civil rights Complaint and a copy of this Court's Standing Practice Order.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: January 5, 2013